IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION

RONNIE RAY DUGAN                                                                                PETITIONER
Reg #20955-078

V.                              CASE NO. 2:17CV00032 BRW-JTK

GENE BEASLEY, *Warden*,
Federal Correctional Complex-Forrest City                                         RESPONDENT

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION
## INSTRUCTIONS

The following recommended disposition has been sent to United States District Court Judge Billy Roy Wilson. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the United States District Judge, you must, at the same time that you file your written objections, include a "Statement of Necessity" that sets forth the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence to be proffered at the requested hearing before the United

States District Judge was not offered at the hearing before the Magistrate Judge.

3. An offer of proof setting forth the details of any testimony or other evidence (including copies of any documents) desired to be introduced at the requested hearing before the United States District Judge.

From this submission, the United States District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## Disposition

In March 2012, a Texas state court sentenced Petitioner to five (5) years imprisonment for obstruction and retaliation. (Doc. No. 6-2, Attachment 1) Petitioner was borrowed on a writ on March 25, 2013, to federal authorities, and while still in federal custody, he paroled from his state sentence on October 17, 2014. (Doc. No. 6-2, Attachments 1& 2). On July 21, 2015, Petitioner received an eighty-seven (87) month federal sentence imposed by the Eastern District of Texas for conspiracy to commit money laundering. (Doc. No. 6-2, Attachment 3) Petitioner received credit towards his federal sentence from the day after his state parole, October 18, 2014, to July 20, 2015, the day before his federal sentence began to run. (Doc. No. 6-1, Declaration of James D. Cook, ¶ 8; 6-2, Attachment 4) He is currently serving this sentence at the Federal Correctional Complex in Forrest City, Arkansas.

Now before the Court is a petition for a writ of habeas corpus filed on March 6, 2017, pursuant to 28 U.S.C. § 2241. (Doc. No. 1, Petition for Writ of Habeas Corpus) Petitioner

seeks federal jail credit for time spent in custody from March 27, 2013, to October 18, 2014. He proffers that the Bureau of Prisons (BOP) has to request the credit from the sentencing court in light of *Barden v. Keohane*, 921 F.2d 476 (3rd Cir. 1990) and that he is entitled to this credit in light of *Willis v. United States*, 438 F.2d 923 (5th Cir. 1971). (Doc. No. 2, Brief in Support of Petition for Writ of Habeas Corpus)

In the Answer, Respondent takes the position that Petitioner is not eligible for jail credit for the time he was borrowed from state officials via the writ ad prosequendum. He also asserts that Petitioner is not eligible for credit under *Barden* since his state sentence was imposed prior to his federal sentence. (Doc. No. 6, Response to Petition for Writ of Habeas Corpus)

Having reviewed the record and the available evidence before the Court, the undersigned agrees with the Respondent and recommends that the petition be denied and dismissed with prejudice.

## Discussion

A writ of habeas corpus pursuant to 28 U.S.C. § 2241 is a proper means for challenging the BOP's computation of jail credit. *Matheny v. Morrison*, 307 F.3d 709, 711(8th Cir. 2002) ("A petitioner may attack the execution of his sentence through § 2241 in the district where he is incarcerated; a challenge to the validity of the sentence itself must be brought under § 2255 in the district of the sentencing court.") (citation omitted).

Section 3585 of Title 18 provides:

> **(a) Commencement of sentence.**--A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served.

> **(b) Credit for prior custody.**--A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences--
>
> > **(1)** as a result of the offense for which the sentence was imposed; or
>
> > **(2)** as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> that has not been credited against another sentence.

18 U.S.C. § 3585.

As a general rule, a federal sentence begins when the defendant is "received for transportation to or arrives at 'the official detention facility at which the sentence is to be served.'" *Reno v. Koray*, 515 U.S. 50, 58 (1995) (quoting 18 U.S.C. § 3585(a)). "[I]ssuance of [a] writ of habeas corpus *ad prosequendum* d[oes] not alter [the defendant's] custody status. It merely change[s] the location of his custody for the sentence he was already serving." *Munz v. Michael*, 28 F.3d 795, 798 (8 th Cir. 1994) (quoting *Sinito v. Kindt*, 954 F.2d 467, 469 (7th Cir.), cert. denied, 504 U.S. 961 (1992)). When a prisoner who is under the primary jurisdiction of one sovereign is temporarily transferred to face a charge brought by another sovereign, the prisoner is considered to be "on loan" to the second sovereign and primary jurisdiction does not change. *United States v. Cole*, 416 F.3d 894, 896-97 (8th Cir. 2005).

Given that Petitioner was in the primary custody of Texas while "on loan" to the federal government on March 25, 2013, pursuant to a writ of habeas corpus ad prosequendum, he was getting credit towards his Texas sentence for those days that he was in federal custody, and he eventually was paroled from his state term of confinement on October 17, 2014, while still in federal custody. Under these circumstances and in accordance with § 3585(b), Petitioner may

not receive credit on his federal sentence with the time that had already been applied toward his Texas state sentence. *See United States v. Kramer*, 12 F.3d 130, 132 (8 th Cir. 1993); *Singleton v. Hollingsworth*, 2006 WL 2067761, *1 (D. Minn., July 24, 2006) (citing *United States v. Wilson*, 503 U.S. 329, 337 (1992)) (a prisoner cannot receive double sentencing credit for the same time period).

As to Petitioner's *Barden* request for *nunc pro tunc* designation, the argument must also fail. Under *Barden*, the BOP has an obligation to review a *nun pro tunc* designation request but is under no obligation to grant such request. The BOP uses Program Statement 5160.05 to establish administrative review procedures related to the concerns addressed in *Barden*. (Doc. No. 6-2, Attachment 5) Here, the Court cannot find that the BOP abused its discretionary authority by declining to make a *nunc pro tunc* designation because Petitioner's state sentence was imposed before the federal sentence, and the Texas federal court was silent on whether the multiple terms of imprisonment were to run consecutively to or concurrently with one another; therefore, the sentences run consecutively.

## Conclusion

Based on the foregoing, the Court hereby recommends that the petition for writ of habeas corpus, Doc. No. 1, be denied and dismissed with prejudice.

IT IS SO ORDERED this 23rd day of July, 2018.

_____
UNITED STATES MAGISTRATE JUDGE